STATE OF MAINE

SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-006
SKS - SAG - 7

R. A. CUMMINGS, INC.,
d/b/a AUBURN CONCRETE,

    Plaintiff/Apellant

    v.

TOWN OF TOPSHAM,

    Defendant/Appellee

DONALD L. _____

ORDER

JUL 12 2004

This matter came before the court on appeal from a decision of the Town of Topsham Board of Appeals pursuant to M.R. Civ. P. 80B. The court has reviewed the record in the case and considered the arguments of the parties. However, due to some jurisdictional confusion, the appeal will be remanded for clarification.

### Factual Background

R. A. Cummings filed an application in the Spring of 2003 with the Topsham Planning Board to use a site located in the "Upper Village Zoning District" for a concrete batch plant. The Planning Board met with representatives from Cummings and began the process for site walks and public hearings. The public hearing was set for July 15, 2003.

Prior to the public hearing, on June 16, 2003, the Superintendent of MSAD No. 75 wrote to the Town Planner expressing concern that the intended use would constitute "manufacturing, heavy" and would not be an allowed use in the Upper Village Zone under the Topsham Code. The Superintendent's letter was answered by the Topsham Code Enforcement Officer ("CEO") in which he stated, "In my opinion, the more specific use category for the proposed concrete batch plant is "Cement Manufacturing."

Although this type of operation would not be incongruous with the definition for "Heavy Manufacturing" given in the Zoning Ordinances, one cannot ignore the precise language stated in the use matrix (225-16) for exactly this use." The CEO went on to urge the Superintendent to attend the public hearing scheduled for July 15 to voice any continuing concerns. The Superintendent apparently chose to interpret this letter from the CEO as a final legal determination and filed an "Application for Variance" for the purpose of "appeal of use determination." This appeal was filed not with the Planning Board – before whom the application was pending – but with the Topsham Board of Appeals.

The Superintendent's appeal was one of several considered by the Board of Appeals at its meeting of August 4, 2003. Following the meeting, written findings of fact were prepared in which the Board concluded ". . . that a Concrete Batch Plant is considered 'Manufacturing Heavy' and, therefore, not allowed in the Upper Village Zoning District." Cummings filed a timely appeal in the Superior Court pursuant to section 225-73(F) of the Topsham Code.

## Discussion

Cummings first argument is that the Board of Appeals had no jurisdiction to consider the appeal in light of its pending application before the Planning Board. The administrative structure of the Town of Topsham includes both the Planning Board, created under Chapter 175 to review and approve proposed building and development projects, and the Board of Appeals, created under Chapter 225 to hear and decide appeals from decisions made by the Code Enforcement Officer. The Board of Appeals is also charged with interpretations of Chapter 225 on zoning. The two boards work in related areas and appear to have some overlapping jurisdiction, e.g. section 225-17 (F). However, the boards also appear to be somewhat autonomous, with appeals

from the decisions of each of the boards going directly to the Superior Court. Both of the boards have been asked to play a role in deciding whether the batch plant project should proceed. However, there is no indication of record as to the status of the application before the Planning Board, which may still be pending and which may still be the subject of different interpretations of the zoning ordinances. The result is that the court cannot effectively review the decision of the Board of Appeals without reference to the application pending before the Planning Board which had priority jurisdiction.

The CEO's letter response to the Superintendent's inquiry to the planner appears to the court to be merely an informal opinion and invitation to take up the matter further during the hearings before the Planning Board. In other words, a letter of this type does not seem to be the type of "decision" which ordinarily would trigger a Board of Appeals review. Nevertheless, that is what has happened. The present posture of the Cummings application to the Planning Board and the Superintendent's appeal to the Board of Appeals leaves the court with the following questions:

(1) What board(s) or individual(s) within the Town of Topsham's administrative structure has the authority to make final interpretations of zoning ordinances? Does the exercise of that authority depend on where an application may be pending?

(2) What is the status of the present site plan review application pending before the Planning Board?

(3) Which board has jurisdiction to consider interpretation of zoning ordinances when an application is pending before the Planning Board? Are there provisions for consultation between the boards?

(4) Has the appellant exhausted its administrative remedies in light of the pending application?

The foregoing questions may ultimately have to be decided by the court. However, it would be more appropriate for the municipal officials to have an opportunity to interpret their own ordinances to the extent necessary. Therefore, this appeal will be remanded for clarification of what the court finds to be the confusing procedural and jurisdictional status of the matter.

The entry will be:

Appeal REMANDED for further consideration consistent with this order. The appeal may be resubmitted to the court without further application once the status has been clarified.

Dated: July____1____, 2004

S. Kirk Studstrup
Justice, Superior Court